UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 25, EUGENE J. DIMASCIO, DENNIS P. JARRED, JAMES F. LEE, JOSEPH N. PREVITI, ROBERT T. REYNOLDS, JR., and BRIAN C. ST. JOHN, <br><br> Plaintiffs, <br><br> v. <br><br> M&J INNOVATIONS, <br><br> Defendant. | Case No.: 13-13011 |

# COMPLAINT

## INTRODUCTION

1. This is an action to enforce a labor arbitration award pursuant to §301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §185. This Court has jurisdiction pursuant to 28 U.S.C. §1331, §1337 and §1367.

2. Plaintiff Teamsters Local Union No. 25 ("Union" or "Local 25") and Defendant M & J Innovations ("Defendant" or "M & J") are parties to a collective bargaining agreement. Plaintiffs Eugene J. DiMascio, Dennis P. Jarred, James F. Lee, Joseph N. Previti, Robert T. Reynolds, Jr., and Brian C. St. John (collectively "Plaintiffs") worked for Defendant on March 17, 2013. However, Defendant never paid wages or benefits to Plaintiffs for their work, in clear violation of the parties' collective bargaining agreement and state law.

3. Plaintiff Teamsters Local Union No. 25, International Brotherhood of Teamsters is an unincorporated labor organization within the meaning of 29 U.S.C. §152(5) which represents

employees in collective bargaining. Local 25's principal office is located at 544 Main Street, Boston, MA 02129.

4. Plaintiff Eugene J. DiMascio ("DiMascio") lives and resides in Scituate, MA.

5. Plaintiff Dennis P. Jarred ("Jarred") lives and resides in Brockton, MA.

6. Plaintiff James F. Lee ("Lee") lives and resides in Quincy, MA.

7. Plaintiff Joseph N. Previti ("Previti") lives and resides in South Boston, MA.

8. Plaintiff Robert T. Reynolds, Jr. ("Reynolds") lives and resides in Derry, NH.

9. Plaintiff Brian C. St. John ("St. John") lives and resides in Hull, MA.

10. Defendant M & J Innovations is an employer within the meaning of 29 U.S.C. §152(2) and §185, conducts business in this judicial district and has its primary place of business located at 341 East 233rd Street, Bronx, NY, 10470.

## FACTUAL BACKGROUND

11. Plaintiff Local 25 and Defendant are parties to a collective bargaining agreement that governs wages, hours, and working conditions for employees hired to work trade shows in Boston, MA.

12. The current agreement is dated "2012-2017" and was signed by Daniel Harrigan, Chief Financial Officer of M & J Innovations, LLC, on March 17, 2013.

13. M & J Innovations was contracted to work a show in Boston, MA on March 17, 2013.

14. On March 14, 2012, Mr. Harrigan requested four union employees to work on Sunday, March 17, 2013.

15. Six union employees, Plaintiffs DiMascio, Jarred, Lee, Previti, Reynolds, and St. John, reported on March 17, 2013 and worked from 9:00 a.m. to 7:30 p.m. After subtracting

time for meal breaks, the employees were entitled to compensation for nine and one-half hours of work.

16. Plaintiffs were not compensated by Defendant for that day's work.

17. On April 4, 2013, Local 25 submitted a grievance to arbitration alleging that the Defendant failed to pay the six employees for work performed on March 17, 2013 and requested payment for all lost wages and health and welfare, annuity, and pension contributions. Local 25 also alleged that M & J Innovations was required to pay double the amount owed to each employee if the issue was unresolved after seven days of notice.

18. On July 17, 2013 an arbitration hearing was held over Local 25's grievance.

19. On September 26, 2013, Arbitrator Theodore H. O'Brien issued a decision in Plaintiffs' favor and directed M & J Innovations to make the Plaintiffs whole for compensation and benefits denied them as a result of its contract violation.

**COUNT I**
(Labor Management Relations Act Claim Against Defendant M&J Innovations)

20. Plaintiffs hereby incorporate Paragraphs 1-19 of this Complaint.

21. Plaintiff Local 25 and Defendant are parties to a collective bargaining agreement that is a contract within the meaning of 29 U.S.C. §185(a) and that, among other things, provides for arbitration of disputes arising under the agreement.

22. Over thirty days have passed and Defendant M & J Innovations has not complied with Arbitrator O'Brien's September 26, 2013 Award.

23. To date and without any lawful justification, Defendant M & J Innovations has refused to comply with the Arbitration Board's Award.

24. Defendant M & J Innovations failed to file an action to vacate the arbitration award.

WHEREFORE, Plaintiff Local 25 respectfully requests that judgment be entered against Defendant M & J Innovations.:

A. Ordering Defendant M & J Innovations to comply with Arbitrator O'Brien's September 26, 2013 Award;

B. Ordering Defendant M & J Innovations to pay the Plaintiffs double the amount owed for hours worked March 17, 2013;

C. Ordering Defendant M & J Innovations to pay Plaintiffs' costs and attorney's fees for bringing this action; and

D. Awarding such other and further relief as may be just and proper; including, but not limited to, declaring that the Defendant M & J Innovations is time-barred from asserting any affirmative defenses because the statutory period has elapsed.

## COUNT II
(Massachusetts Wage Act Claims Against Defendant M&J Innovations)

25. Plaintiffs hereby incorporate Paragraphs 1-24 of this Complaint.

26. Defendant has failed to pay Plaintiffs DiMascio, Jarred, Lee, Previti, Reynolds, and St. John the wages due to them. Plaintiffs are aggrieved by Defendants M & J Innovations' violation of M.G.L. c.149 §148 and institute this civil action with assent by the Attorney General.

27. Defendant M & J Innovations has violated M.G.L. c.149 §148 by not paying Plaintiffs DiMascio, Jarred, Lee, Previti, Reynolds, and St. John the wages which are due and owing to them.

28. Plaintiffs' wages have not been attached by Trustee process, nor affected by a valid setoff, nor has Defendant actually tendered to Plaintiffs their wages.

WHEREFORE, Plaintiffs demand the Court enter a judgment ordering:

A.  that Defendants M & J Innovations pay the Plaintiffs the wages earned;

B.  that the Plaintiffs be awarded treble damages for the loss of wages pursuant to M.G.L. c.149 §150;

C.  that the Plaintiff be awarded attorney's fees and costs pursuant to M.G.L. c.149 §150;

D.  and for any other relief this Court may deem just and proper.

Respectfully submitted for the Plaintiffs,

By their Attorney,

/s/ Renee J. Bushey
Renee J. Bushey, Esq.
B.B.O. # 629444
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA 02109
617-338-1976
rjb@fczlaw.com

Dated:  November 25, 2013